```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        EASTERN DIVISION


RLI INSURANCE COMPANY                                    PLAINTIFF


VS.                                     CIVIL ACTION NO. 4:04CV11TSL-LRA


TERRYMARK CONSTRUCTION CO., INC., ET AL.                DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant RLI Insurance Company (RLI) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant Kathy Gaddis has not responded to the motion, though the time for doing so has expired, and the court, having considered the memorandum and exhibits in this case, concludes that the motion is well taken and should be granted.

Plaintiff filed this action to enforce its contractual rights against Gaddis (and others) who had signed as indemnitors for a contractual surety bond issued by RLI to TerryMark Construction Co, Inc., a Mississippi corporation for whom Gaddis's husband Terry was a principal. By its motion, RLI asserts that under the express language of an indemnity agreement executed by Gaddis (and others), it is entitled to full and complete indemnity by Gaddis. The court agrees.

In support of its motion, plaintiff has presented proof that

on March 20, 1998, Gaddis and others executed an Agreement of Indemnity, whereby all agreed to indemnify RLI in the event RLI was required to execute on any bonds issued to TerryMark because of TerryMark's inability to fulfill its contractual obligations.[1] Specifically, the Agreement of Indemnity provided that the indemnitors were obligated to

> exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses an/or expenses whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure to the Indemnitors to perform or comply with the covenants and conditions of this agreements or (3) In enforcing any of the covenants and conditions of this Agreement.

On September 13, 2002, RLI issued performance and payment bonds to cover TerryMark's contract with the State of Mississippi Bureau of Buildings, Grounds and Real Property Management for Project GS107-257.  After commencing work on the contract, TerryMark

---

[1]  The 1998 indemnity agreement contemplated a continuing relationship between RLI and the signatories, whereby the issuance of future bonds would be subject to the 1998 agreement. Specifically, the Agreement recites:
> WHEREAS, in the transaction of business certain bonds, undertakings, and other writings obligatory in the nature of a bond have heretofore been, and hereafter be, required by, for, or on behalf of the indemnitors or any one or more parties included in the designation indemnitors, and application has been made and will hereafter be made to the Surety to execute such bonds, and as prerequisite to the execution of such bond or bonds, the Surety requires complete indemnification.

declared itself unable to pay all of its subcontractors and material suppliers. Several of the subcontractors and suppliers demanded and received payment from RLI. Ultimately, the State of Mississippi terminated its contract with TerryMark, requiring RLI, under the terms of its bonds, to procure a contractor to complete the project. Pursuant to the affidavit of E.B. Williams, Jr., Bond Claim Director for RLI, as of October 18, 2007, RLI has incurred $586,494.88 in total losses, expenses and attorneys' fees as a consequence of issuing bonds on behalf of TerryMark.[2]

By Williams' affidavit, RLI has presented evidence of its having made payments due to execution on the bonds because of TerryMark's failure to met its contractual obligations and due to its efforts to seek enforcement of the terms of the indemnity agreement. Accordingly, by the express terms of the Agreement of Indemnification, RLI has presented prima facie evidence of the fact and the amount of Gaddis's liability to it. See Horne v. Miss. Bldg. Commission, 103 So. 2d 373, 382-83 (Miss. 1958) (quoting Guarantee Co. of North America v. Pitts, 30 So. 758, 759 (Miss. 1901) ("One of the conditions on which the company became guarantor

---

[2] The court notes that defendant Terry W. Gaddis has filed for bankruptcy protection and that defendants TerryMark Construction Co, Inc, Mark A. Carter and Renee M. Carter have entered into a settlement agreement. Pursuant to Williams' affidavit, "[t]he settlement payment received by RLI and all other credits to which Kathy Gaddis is entitled have been applied to reduce her total liability to RLI."

for Pitts is that the voucher or receipt to it for money paid without fraud-that is, in good faith-for him to the obligee of the bond should be conclusive of the fact of his liability to the obligee for the sum paid; in other words, if the guarantee company should, in good faith discharge a claim by the obligee for a liability asserted against Pitts, the voucher or receipt for the payment should be proof of the liability of Pitts.  There is nothing wrong or unreasonable, or against public policy, in this stipulation.").  For her part, Gaddis has failed to respond to plaintiff's well-supported motion which establishes her liability under the Agreement of Indemnity.  The court, therefore, concludes that the motion for summary judgment should be granted and that judgment in the amount of $586,494.88 should be entered against Kathy Gaddis.

Additionally, the court takes judicial notice of the following facts: (1) On October 14, 2005, defendant Terry W. Gaddis filed a Chapter 7 Bankruptcy petition in the Bankruptcy Court for the Southern District of Mississippi (1:05br55419-ERG); (2) Gaddis listed his obligation to RLI on his bankruptcy schedule; and (3) On March 1, 2006, Judge Edward Gaines granted Gaddis a discharge under § 727 of title 11, United States Code.  Accordingly, in light of the foregoing, the court finds that Terry Gaddis shall be dismissed.

Based on the foregoing, it is ordered that plaintiff's motion

4

for summary judgment is granted and that judgment in the amount of $586,494.88 shall be entered against Kathy Gaddis.  It is further ordered that Terry Gaddis is dismissed with prejudice.

    A separate judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

    SO ORDERED, this the 20th day of November, 2007.


        _s/ Tom S. Lee_____
        UNITED STATES DISTRICT JUDGE